# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

HERBERT WEATHERFORD, )
)
Plaintiff, )
)
v. ) No. CIV-05-32-S
)
HARVEY ARNOLD, )
)
Defendant. )

## ORDER

Plaintiff, an inmate who was incarcerated at Jim E. Hamilton Correctional Center in Hodgen, Oklahoma, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983. He alleges he was denied effective assistance of counsel when he pleaded guilty in Atoka County District Court Case Number CRF 92-1, after having been convicted and fined for the same offense in a prison disciplinary proceeding. He requests relief in the form of monetary damages.

Plaintiff previously filed an identical lawsuit, 03-46-S, in this court which was dismissed on February 24, 2003. Plaintiff apparently filed this second lawsuit under the false impression it would be proper because he had been released from prison. However, his mere release from prisoner does not make this lawsuit proper. The court has carefully reviewed the record and construed plaintiff's pleadings liberally. Haines v. Kerner, 404 U.S. 519 (1972). To the extent plaintiff seeks compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487 (1994). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. The mere fact the plaintiff was released from prison does not mean his conviction was invalidated. Since plaintiff has not presented evidence that his conviction has been so invalidated, the court finds his claim for damages is not cognizable under § 1983.

**ACCORDINGLY,** this action is, in all respects, DISMISSED without prejudice.

**IT IS SO ORDERED** this 27th day of February 2006.

_____
FRANK H. SEAY
UNITED STATES DISTRICT JUDGE